JOHN PREIS
Legal Intern
SUSAN ST. VINCENT
Acting Legal Officer
PO Box 517
Yosemite, CA 95389
Telephone: (209) 372-0240
Facsimile: (209) 372-0210

Attorneys for the
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AUSTIN CAREY,<br><br>　　　　Defendant. | CASE NO.: 6:16-mj-088-MJS<br><br>TRIAL BRIEF<br><br>To: Magistrate Judge Michael J. Seng<br>TRIAL DATE: Wednesday, August 9, 2017<br>TIME: 9:00 A.M. |

　　　　The United States of America, by and through its legal representative, John Preis, files this trial brief to aid the court in understanding this case and issues that might arise at trial.

Dated: August 2, 2017　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: /s/ John V. Preis
　　　　　　　　　　　　　　　　　　　　　　JOHN PREIS
　　　　　　　　　　　　　　　　　　　　　　Legal Intern

1

# I.

# INTRODUCTION AND CASE STATUS

**A.   Trial Status**

A bench trial is set to begin Wednesday August 9, 2017 at 09:00 a.m., before the Honorable Michael J. Seng, United States District Magistrate Judge.  To date, the defense has listed no witnesses but the government understands defendant may testify.  The government believes that all evidence and argument will be concluded on or before Wednesday August 9, 2017.

**B.   Charges**

On November 29, 2016, a complaint was filed charging defendant Austin Lee Carey ("defendant") with one count of delivering a person or object by parachute, helicopter, or other airborne means, in violation of Title 36 Code of Federal Regulations § 2.17(a)(3) and one count of disorderly conduct by creating a hazardous condition, in violation of Title 36 Code of Federal Regulations § 2.34(a)(4)  on or about September 6, 2016.

**C.   Miscellaneous Matters**

1. The United States estimates its case-in-chief can be presented within one court day.

2. This is a Class B misdemeanor charge with no incarceration being sought.

3. Unless there are stipulations , the government expects to call up to three witnesses in its case-in-chief.

# II.

# STATEMENT OF FACTS

On September 6, 2016, reports of a parachute stuck in a tree were relayed to Yosemite National Park Law Enforcement. Two witnesses participated in a recovery effort to help defendant safely reach the ground after him and his parachuting gear became entangled in a tree above a Housekeeping campsite. The tree in question was not climbable without specialty gear which was not found at the scene.

The United States anticipates calling the two eye witnesses as fact witnesses to confirm the aforementioned facts.

## III.

## APPLICABLE STATUTES AND ELEMENTS OF THE OFFENSES

**A.     Count One: Delivering a person or object by parachute, helicopter, or other airborne means – Title 36 Code of Federal Regulations § 2.17(a)(3)**

Count One charges that the defendant delivered a person or object by parachute, helicopter, or other airborne means.  In order to prove this crime the following elements must be established beyond a reasonable doubt:

1. The defendant delivered a person or object;
2. By parachute, helicopter or other airborne means;
3. Without emergency involving public safety or serious property loss; and
4. Not pursuant to the terms and conditions of a permit

**B.     Count Two: disorderly conduct by creating a hazardous condition –Title 36 Code of Federal Regulations § 2.34(a)(4)**

Count Two charges that the defendant committed disorderly conduct by knowingly or recklessly creating a risk of public alarm, nuisance, jeopardy, or violence by creating or maintaining a hazardous or physically offensive condition.  In order to prove this crime the following elements must be established beyond a reasonable doubt:

1. The defendant created or maintained a hazardous condition; and
2. Knowingly or recklessly creating public alarm, nuisance, jeopardy, or violence,

## IV.

## EVIDENTIARY ISSUES

The evidence in this case consists of: testimony and video.

**A.     Defendant's Statements**

The United States intends to introduce statements made by the defendant on September 6, 2016, about his conduct relating to the charged offenses.  Under the Federal Rules of Evidence, a defendant's statement is admissible only if offered against him; the defendant conversely may not elicit his own prior statements.  Fed. R. Evid.801(d)(2)(A); United States v. Fernandez, 839 F. 2d 639 (9th Cir. 1988).  The United States may also introduce statements of the defendant to third persons under Federal Rule of Evidence 801(d)(2).

1. <u>Admissions by Party-Opponent</u>

A statement is not hearsay if "...(2) Admission by party-opponent. The statement is offered against a party and (A) was made by the party in an individual or representative capacity;…" Federal Rules of Evidence 801(d)(2). "Statements made by a party and which are offered against the individual declarant are not hearsay under Rule 801(d)(2)(A), "but rather are non-hearsay admissions"." <u>United States v. Traylor</u>, 656 F.2d 1326, 1332 (1981) (quoting <u>United States v. Eubanks</u>, 591 F.2d 513, 519 (9th Cir. 1979)

2. <u>Statement That Party Adopts</u>

A statement is not hearsay if "The statement is offered against an opposing party and . . . (B) is one the party manifested that it adopted or believed to be true;…". Federal Rule of Evidence 801(d)(2)(B). A statement made by another person that is subsequently adopted by the party-opponent is regarded as an admission of the party-opponent and is therefore admissible for its truth under Rule 801(d)(2)(B). A statement may be adopted by the party-opponent either expressly or through silence. See e.g., <u>United States v. Schaff</u>, 948 F.2d 501 (9th Cir. 1991) (defendant's silence during statement made in his presence by his sister regarding instructions he had given her was admissible); <u>United States v. Villarreal</u>, 764 F.2d 1048 (5th Cir. 1985) (defendant's failure to disagree could reasonably be taken as an admission).

3. <u>Statements Offered by the Defendant</u>

If the government chooses not to introduce statements made by the defendant, the defendant may not introduce those statements as they would be hearsay (as they would not be offered by a party-opponent).

4. <u>Observations of the Defendant's Demeanor During Questioning</u>

The government does not believe that the defendant's physical demeanor when responding to questions should be an issue. But if it becomes necessary to elicit this testimony, even when a subject is questioned in a custodial setting a law enforcement officer can later testify about a defendant's physical response to being confronted with incriminating evidence. See <u>United States v. Velarde-Gomez</u>, 269 F.3d 1023, 1031 (9th Cir. 2001).

**B.     Stipulations**

To date, the parties have made no stipulations regarding the admissibility of evidence. The parties will advise the court of ultimate the scope of any stipulations before the trial begins.

**C.     Judicial Notice**

Under the doctrine of judicial notice and Rule 201 of the Federal Rules of Evidence, if requested by a party, the court must take judicial notice of any undisputed facts which are either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201. The government may, for example, ask the court to take judicial notice of certain undisputed facts, such as Yosemite National Park being within the special maritime and territorial jurisdiction of the United States in the Eastern District of the State of California.

## V.

## RELEVANT PRECEDENT

The Ninth Circuit has previously addressed a case involving identical charges and parallel facts to the case at hand. In *United States v. Albers*:

> National Park Service rangers arrested Mark Albers and eleven others (collectively "Albers" or "the defendants") for BASE jumping in the Glen Canyon National Recreation Area. The government charged the defendants with delivering and retrieving persons by parachute, in violation of 36 C.F.R § 2.17(a)(3), and disorderly conduct, in violation of 36 C.F.R. § 2.34(a)(4). Subsequent to a bench trial, the district court found the defendants guilty of both counts. We affirm.

*United States v. Albers*, 226 F.3d 989, 991 (9th Cir. 2000). In *Albers*, the Ninth Circuit confirmed that BASE jumping within the boundaries of a National Park violates both Title 36 Code of Federal Regulations § 2.17(a)(3) and Title Code of Federal Regulations § 2.34(a)(4).

## VI.

## POSSIBLE DEFENSES

The defendant has not given notice of any defense for which the Federal Rules of Criminal Procedure require notice.

## VII.

## CONCLUSION

The foregoing is a summary of points the United States anticipates may arise at trial.  Should any

1  legal issues arise that have not been covered in this trial brief, the United States respectfully requests
2  leave to submit such further memoranda as may be necessary.

								Respectfully submitted,

6  Dated: August 2, 2017
						By:	/s/ John V. Preis
							JOHN PREIS
							Legal Intern